The keeping of dynamite by a contractor engaged in widening railroad tracks along the line of work for immediate use is not within an ordinance making it unlawful to have or keep dynamite in any place except in magazines erected for the purpose according to plans approved by the fire commissioners and under a license from the mayor.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Explosives, §§ 4, 5.]

Appeal from Westchester County Court.

Action by Hattie Hall against the New York, New Haven & Hartford Railroad Company and another to recover damages from a nuisance. Judgment for plaintiff, and defendant railroad appeals. Reversed, and a new trial ordered.

Argued before HIRSCHBERG, P. J., and WOODWARD, HOOKER, RICH, and GAYNOR, JJ.

Gustav R. Hamburger, for appellants.

William A. Walsh, for respondent.

GAYNOR, J. The widening of the appellant's railroad tracks in the City of Mount Vernon was being done by a contractor under a written contract with the appellant. Rock had to be blasted in the work by the contractor. The contractor used dynamite for this purpose. One hundred and five pounds of it in a box at a point on the work exploded, and the shock injured the plaintiff in her house nearby. She brought this action for damages against both the contractor and the railroad company (the appellant), and got a verdict of $500 against both. There is no evidence that the appellant had anything to do with the dynamite. It was brought on the work for necessary use by the contractor. The cause of the explosion is unknown. The learned trial judge also erred in his charge in respect of the city ordinance. In sum and substance it makes it unlawful "to have or keep" dynamite, or other explosives named, in any place in the city, except in magazines erected for the purpose according to plans approved by the fire commissioners and under a license from the mayor. The "storing" of such explosives except under such a license is subjected to a penalty. The refusal of the learned trial judge to charge that this ordinance did not apply to the case was error. It only applies to the storing of explosives to be taken out and used elsewhere, and not to explosives along the line of work for immediate use, as was the case here.

The judgment should be reversed.

    Judgment and order of the County Court of Westchester county reversed and new trial ordered; costs to abide the event. All concur. HIRSCHBERG, P. J., concurs on first grounds stated in opinion.

---

(121 App. Div. 483.)

BERGER v. CRIST.

(Supreme Court, Appellate Division, Second Department. October 4, 1907.)

1. VENDOR AND PURCHASER—CONTRACTS—DEFECTS IN TITLE—RECOVERY OF PURCHASE PRICE.

    A purchaser of real estate may, on the failure of the vendor to cure defects in the title, because of the insufficiency of an acknowledgment to a deed because of the nonpayment of taxes, and because a mortgage

cannot be paid off as the contract requires, rescind and recover back the money paid.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Vendor and Purchaser, §§ 199, 200.]

**2. SAME.**

A defect in a title because of unpaid taxes is not cured by deducting the amount thereof from the price, but the purchaser may rescind and recover the money paid.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Vendor and Purchaser, § 271.]

Appeal from Municipal Court of New York.

Action by David Berger against Henrietta Crist. From a judgment of dismissal after a trial before a justice without a jury, plaintiff appeals. Reversed.

The action was to recover $300 paid by the plaintiff to the defendant on a contract of purchase of real estate.

Argued before JENKS, HOOKER, RICH, MILLER, and GAYNOR, JJ.

Adolph Feldblum, for appellant.

John A. Warren, for respondent.

GAYNOR, J. The judgment should have been for the plaintiff. The parties met on the contract day, and according to the oral testimony for the defendant at least two objections to the title were made by the plaintiff, viz., that there was a valid judgment lien against the property, and an insufficient acknowledgment to one of the deeds of conveyance in the defendant's chain of title. That these objections were sufficient was not disputed. The defendant took an adjournment of three days to remove the defects. On the adjourned day she had not done so. She took another adjournment of a week for the same purpose. On that adjourned day she had not obtained a sufficient acknowledgment instead of the invalid one, but had obtained a suspension on appeal of the judgment lien. The plaintiff refused another adjournment and demanded back his deposit. The Justice decided against him on the ground that he had not demanded performance. No such technical point was made by the defendant on the trial; and moreover the evidence is that he did make due demand.

According to the testimony of the plaintiff, and the stipulation in writing of the facts which the parties entered into on the rejection of the title, the plaintiff on the contract day also made two other objections, viz., that the taxes were unpaid, and that the mortgage on the property could not be paid off at any time as the contract required. These defects were not cured. It is a mistake to suppose that it suffices to deduct the amount of the taxes from the purchase money and leave the trouble of paying the taxes to the purchaser.

The judgment should be reversed.

Judgment the Municipal Court reversed, and new trial ordered; costs to abide the   All concur.